**STATE of Maine**

v.

**Jill CARON**

Supreme Judicial Court of Maine.

Argued April 27, 1987.

Decided May 29, 1987.

William R. Anderson, Dist. Atty., Geoffrey Rushlau, Asst. Dist. Atty. (orally), Bath, for plaintiff.

Arthur Travers (orally), Waldoboro, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK, and CLIFFORD, JJ.

SCOLNIK, Justice.

Jill Caron appeals from a judgment of Superior Court (Sagadahoc County) denying her appeal from a judgment entered after trial in District Court (Bath) imposing a fine for the traffic infraction of driving 53 miles per hour (mph) in a 35 mph zone. On appeal, she argues that 1) the evidence failed to demonstrate that the 35 mph speed zone was established as required by 29 M.R.S.A. § 1251 (Supp.1986) and 2) the District Court erred in receiving radar evidence of her speed without proper foundation. We find no merit in either of her contentions and affirm the judgment.

I.

After the State presented its evidence at trial, Caron filed a motion for judgment pursuant to Rule 50 of the Maine District Court Civil Rules, in which she argued, *inter alia*, that "[t]he speed zone alleged to have been violated by the Defendant is not a valid zone under the statutes and law of Maine." The District Court denied that motion. On appeal, Caron argues that the District Court erred in denying her motion because the State did not prove that the

zone in which she was allegedly speeding was officially promulgated as a speed zone pursuant to section 1251.

██ Caron's argument is flawed for two reasons. First, Douglas McCobb, the Engineer of Traffic for the Maine Department of Transportation, testified that the speed zone in question had been ratified and confirmed as a 35 mph zone by the Commissioner of Transportation as of December 19, 1973, according to entries in a log book that he kept on speed zones throughout the state. Second, section 1251 provides:

It shall be unlawful to drive in excess of such speeds as may be fixed pursuant to this section, provided that notice of such changes in speed shall be given by signs which shall be erected by the Department of Transportation and which appear on the highway. The presence of such signs on the highway shall be prima facie evidence that they were erected in accordance with this section, that they provide the notice required by this section and that the speeds indicated thereon were fixed in accordance with this section.

The defendant conceded the presence of signs posting the 35 mph limit, and from the testimony of McCobb, the District Court could reasonably have inferred that the signs were erected under the authority of the Department of Transportation. Thus, the presence of such signs provides prima facie evidence that the zone in question was officially established as a 35 mph zone in accordance with statutory requirements. Caron presented no evidence to rebut that prima facie proof of the speed zone.

██ Employing a preponderance of the evidence standard, we therefore conclude that the evidence sufficiently demonstrated that the speed zone in question was established in compliance with section 1251. Thus, the District Court committed no error in denying Caron's motion for judgment.

## II.

Caron next argues that the District Court erred by receiving evidence of radar readings recorded by the police officer indicating her speed in excess of the prescribed limit. She contends that the testimony concerning the radar reading was inadmissible because the State failed to provide a sufficient evidentiary foundation to show that the radar equipment was accurate. We disagree.

██ In a case in which a misdemeanor conviction for speeding in violation of 29 M.R.S.A. § 1251 (1978) was challenged on appeal on the ground that a speedometer reading was inadmissible because the prosecution failed to establish the accuracy of the speedometer, we held "that evidence of the accuracy of the speedometer goes only to the weight to be assigned the speed reading and is not a foundational requirement for admission of the speedometer reading into evidence." *State v. Herbert*, 437 A.2d 185, 186 (Me.1981). The same principle is applicable here. The police officer who filed the complaint against Caron testified that his radar equipment revealed that she drove 53 mph. He also testified that he calibrated the radar before and after performing his official duties on the morning he observed Caron's operation of her vehicle. Similar to the speedometer testimony in *Herbert*, evidence of the radar reading here is likewise admissible. *See id.* Moreover, without requiring proof of prior calibration, 29 M.R.S.A. § 1254 (1978) provides that,

The results of [radar speed] measurements shall be accepted as prima facie evidence of the speed of the motor vehicle under surveillance in any court in criminal or traffic infraction proceedings where the speed of the motor vehicle under surveillance is at issue.

Accordingly, we conclude the District Court did not err by receiving in evidence the officer's radar testimony.

For the foregoing reasons, we affirm the judgment.

The entry is:

Judgment affirmed.

All concurring.