**Todd C. JOY, et al.**

v.

**Charles W. MARSTON, et al.**

Supreme Judicial Court of Maine.

Argued Oct. 3, 1990.
Decided Oct. 18, 1990.

John D. Bunker (orally), Martha Harris, Paine, Lynch & Harris, Bangor, for plaintiffs.

Steven Mogul (orally), Gross, Minsky, Mogul & Singal, Bangor, Malcolm L. Lyons (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for defendants.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

WATHEN, Justice.

Plaintiff Todd C. Joy appeals from directed verdicts granted in favor of defendants Eastern Maine Medical Center (EMMC) and Gary Littlepage by the Superior Court (Penobscot County, *Chandler, J.*) at the close of the plaintiff's case in a negligence action. On appeal, plaintiff argues that the court erroneously denied his motion for a mistrial after refusing his request to call two witnesses not listed in the pretrial order. Plaintiff also argues that the directed verdicts were improperly granted. Finding no error, we affirm the judgments entered in favor of the defendants.

It is undisputed that plaintiff's motorcycle collided at a street intersection with a vehicle driven by Charles Marston and that plaintiff sustained personal injuries. The accident occurred moments after Marston left the emergency room of Eastern Maine Medical Center where he had been treated for an eye abrasion and released with a patch over the injured eye. Plaintiff filed a complaint against Marston, EMMC and an emergency room physician, Gary Littlepage. Specifically, the complaint alleged Marston was negligent in operating his motor vehicle and EMMC and Littlepage were negligent in failing to warn Marston of the dangers of operating a vehicle with his eye patched. Judgment by default was entered against Marston and that judgment is not before us on appeal. EMMC and Littlepage filed motions for summary judgment on the ground that they had no duty to warn of such an obvious and apparent danger. Although the Superior Court granted the motions, we vacated the judgments on appeal and remanded for trial. *Joy v. Eastern Maine Medical Center*, 529 A.2d 1364 (Me.1987). Trial resulted in the directed verdicts that are now before us on appeal.

### I.

On the second day of trial, plaintiff sought to call two witnesses who would testify to statements made by Marston at the time of the accident concerning its cause. Defendants objected because they had not been notified of plaintiff's intention to call the witnesses. After a full discussion, the court declined to permit the witnesses to testify because no notice had been given and the admission of their testimony would be unfair to defendants. Plaintiff made an offer of proof and moved for a mistrial stating that the witnesses were critical to his case. The court refused to grant a mistrial. A motion for mistrial is addressed to the sound discretion of the trial court and the court's decision is reviewable only for abuse of discretion. *Olsen v. French*, 456 A.2d 869, 876 (Me.1983). The court did not abuse its discretion by failing to grant a mistrial in order to relieve plaintiff of the consequences of failing to give notice of the witnesses intended to be called.

### II.

At the conclusion of plaintiff's case, the Superior Court granted defendants' motions for directed verdicts. The court ruled that the testimony of Marston was so inconsistent that it could furnish no basis for a jury verdict on the critical issue of whether he was warned not to drive. Moreover, the court ruled that there was insufficient evidence on the issues of standard of care and proximate cause. We agree with the court's first conclusion and we need go no further.

"In reviewing a directed verdict, we must consider the evidence, including every justifiable inference therefrom, in the light most favorable to the party against whom the verdict was directed." *Poirier v. Hayes*, 466 A.2d 1261, 1263 (Me. 1983). A verdict should be directed only if a contrary verdict could not be sustained. *Inniss v. Methot Buick–Opel, Inc.*, 506 A.2d 212, 215 (Me.1986). *See Poirier*, 466 A.2d at 1263. Directed verdicts are to be granted sparingly. *Id.* at 1264.

Plaintiff acknowledges some inconsistency in Marston's testimony but contends that the directed verdict improperly deprived the jury of the opportunity to decide for themselves which version of Marston's story to believe. Defendants argue that Marston's testimony was so rid-

dled with inconsistencies that a jury verdict based on such testimony would be insupportable because it would amount to mere speculation. Ordinarily, if a witness's credibility is at issue, a directed verdict would not be proper. We have, however, upheld directed verdicts when a jury verdict would be based on a "mere scintilla" of evidence, conjecture or surmise. *Emerson v. Ham*, 411 A.2d 687, 689 (Me.1980) (citing *Jordan v. Portland Coach Co.*, 150 Me. 149, 150, 107 A.2d 416, 417 (1954) and *Freeport Sulphur Co. v. Portland Gas Light Co.*, 135 Me. 408, 416, 198 A. 606, 610 (1938)). *See generally* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 50.2 (2nd ed. 1970 & Supp.1981). Evidence can suggest so many different theories, with little or no probative value, that a jury verdict would necessarily be a guess. *See Emerson*, 411 A.2d at 689; *Jordan*, 150 Me. at 156, 107 A.2d at 419; *Freeport Sulphur*, 135 Me. at 412, 198 A. at 608. In such cases, a directed verdict is appropriate.

Here, Marston was the only witness testifying on the issue of liability. The crucial fact was whether he was warned not to drive. He testified to a number of different and conflicting accounts of the instructions given him by the hospital staff. At one point, he testified that he had not been warned, while at another point he testified that he had been warned. Finally, he concluded that he didn't know whether he had been warned nor did he know of any reason why the jury should believe one of his stories rather than another. In such a highly unusual case, the only rational conclusion that could be drawn from Marston's testimony was that he did not know whether he had been warned.[1] Even when viewed in the light most favorable to plaintiff, the evidence amounted to nothing more than conjecture or surmise. On Marston's testimony, the jury could not rationally find for the plaintiff by a preponderance of the evidence, and the Superior Court appropriately directed verdicts for defendants.

The entry is:

Judgments affirmed.

All concurring.

---

1. We have dealt with a similar situation in a criminal case. In *State v. Sanders,* 460 A.2d 591 (Me.1983), a child witness first testified that the defendant did not touch his privates and then testified that he did. Because there was no other evidence from which the jury could reconcile the contradiction, we concluded that no finder of fact rationally could have found beyond a reasonable doubt that the defendant committed the crimes charged. *Id.* at 593.