**STATE of Maine**

v.

**Marcus A. ARNHEITER.**

Supreme Judicial Court of Maine.

Submitted on briefs Oct. 4, 1991.

Decided Nov. 1, 1991.

Janet T. Mills, Dist. Atty., Joseph M. O'Connor, Asst. Dist. Atty., South Paris, for the State.

Marcus A. Arnheiter, pro se.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Marcus Arnheiter appeals *pro se* from a District Court (Bridgton, *Henry, J.*) order finding that he violated 29 M.R.S.A. § 1251 (1978) by travelling 71 m.p.h. in a 50 m.p.h. zone. The decision was affirmed by the Superior Court (Oxford County, *Fritzsche, J.*). Arnheiter now contests alleged irregularities in the initial trial and on appeal. Because we are not persuaded by his arguments, we affirm.

The only evidence presented by the State in its case-in-chief was the radar measurement. Arnheiter presented extensive testimony as to the unreliability of radar under the extant conditions, asserting that there were 18 high tension electrical cables over the road where he was clocked, and several metal storage tanks nearby. He presented testimony through radar experts and the training manual supplied with the device used to measure his speed in an effort to prove that these conditions hamper the radar's accuracy. In rebuttal, the State called Gary Phillips, an instructor in police traffic radar at the Maine Criminal Justice Academy. He testified that the conditions mentioned were unlikely to have interfered with the readings.

I.

Arnheiter alleges irregularities in the Superior Court opinion. We review only the District Court proceedings, giving no weight to the Superior Court's intermediate review. *Dunning v. Dunning,* 495 A.2d 821, 823 n. 1 (Me.1985). Therefore,

those arguments are not considered on this appeal.

## II.

■ Arnheiter challenges the District Court's proceedings on three grounds. He charges that the District Court improperly admitted the testimony of an unqualified expert, made improper findings of fact, and found him guilty despite a lack of evidence. That court's legal conclusions may be reviewed for error. *Interstate Indus. Uniform Rental Service, Inc. v. Couri Pontiac, Inc.*, 355 A.2d 913 (Me.1976). Factual determinations will not be disturbed unless "clearly erroneous". M.R.Civ.P. 52(a). Even then, the ruling will not be overturned if the error was "harmless". M.R.Civ.P. 61; *State v. True*, 438 A.2d 460, 467 (Me.1981).

■ The admission of evidence, including expert testimony, is within the trial court's sound discretion. *State v. Goyette*, 407 A.2d 1104, 1114 (Me.1979). Where no objection is made to the expert's qualification, the admission will not be reversed unless it constitutes "obvious error". M.R.Evid. 103(d). Arnheiter made no objection to Phillips' qualifications as a radar expert. The record shows that Phillips had ample experience to qualify him as an expert under M.R.Evid. 702; therefore, the admission of his testimony was not an abuse of discretion.

■ Arnheiter has identified two factual inaccuracies in the Findings of Fact and Conclusions of Law. First, the witness who was with Arnheiter when he was stopped was his neighbor, unrelated to him. The District Court, however, alluded to the testimony of "his wife who was in the car with him". Second, Arnheiter introduced *one* expert who testified as to his experience with Air Force radar, not two as the findings stated.

These errors are harmless since it is "highly probable that the error(s) did not affect the judgment." *State v. True*, 438 A.2d at 467 (quoting R. Traynor, *The Riddle of Harmless Error*, 35 49–51 (1970)). Although the court, operating under mis-taken impressions, might give less credence and weight to these witnesses' testimony, the impact of this misconception is insignificant since the evidence was, in both cases, cumulative. The passenger's testimony was not crucial because a witness in the car behind him also testified that he was operating within the limit. Arnheiter presented three radar experts, all of whom addressed the general fallibility of radar in the circumstances. An increase in the credibility or weight of this testimony, then, would not have affected the court's decision.

■ Arnheiter also points out that the court omitted from the findings of fact any mention of electrical wires over the highway. This omission was not error. The District Court did not find that the wires did not exist, but merely failed to mention their presence. Since a finding as to the presence of the wires was unnecessary to the court's decision, it did not need to mention them in its findings.

■ Arnheiter also argues that the evidence was insufficient to support a finding that he committed the offense. Evaluating credence and weight of evidence rests with the sound discretion of the trial judge. *State v. Reardon*, 486 A.2d 112, 117 (Me. 1984). The State established a prima facie case of a traffic violation by introducing the radar measurement. 29 M.R.S.A. § 1254; *State v. Caron*, 525 A.2d 1049 (Me.1987). Arnheiter's contention that he has overcome the presumption of the radar's validity is a question for the trial court. *See State v. Jordan*, 575 A.2d 309 (Me.1990) (OUI conviction upheld despite defendant's challenge to validity of blood alcohol reading). The District Court did not abuse its discretion in finding a violation on the basis of the evidence presented.

## III.

■ Arnheiter contends that a defendant in a traffic infraction case has a constitutional right to a jury trial. We ruled precisely to the contrary in *State v. Anton*, 463 A.2d 703 (Me.1983), and we find no

reason to depart from that authoritative precedent.

## IV.

 Arnheiter's final challenge is that the State has violated his right to due process by adopting an irrational presumption of the validity of radar speed measurements. Laws establishing presumptions have been held to violate the due process clause of the United States Constitution where the presumption is irrebuttable and not necessarily true in fact and the State has reasonable alternatives in making the determination. *Vlandis v. Kline,* 412 U.S. 441, 451, 93 S.Ct. 2230, 2236, 37 L.Ed.2d 63 (1973). The Maine statute creates merely a rebuttable presumption, stating "the results of any such measurements shall be accepted as prima facie evidence of the speed of the motor vehicle under surveillance." 29 M.R.S.A. § 1254. The statute merely relieves the State of having to explain, through expert testimony, how radar works. When challenged, of course, the State must still prove, by a preponderance of the evidence, that the measurement reflects the vehicle's speed. In short, the statute does nothing to alter the State's burden of proof, and does not interfere with the defendant's due process rights.

The entry is:

Judgment affirmed.

All concurring.