## DEPARTMENT OF HUMAN SERVICES

### v.

### Dale H. LOOK.

Supreme Judicial Court of Maine.

Submitted on Briefs March 4, 1992.

Decided April 15, 1992.

---

Dale H. Look, pro se.

Christopher Leighton and Bruce Shibles, Office of Atty. Gen., Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Dale H. Look appeals and the Department of Human Services cross-appeals from a judgment entered in the Superior Court (Hancock County, *Kravchuk, J.*) on the Department's paternity complaint, brought on behalf of the mother of a minor child pursuant to 19 M.R.S.A. §§ 271–530

(1981 & Supp.1991). Because Look failed to perfect his appeal, we dismiss it for want of prosecution pursuant to M.R.Civ.P. 73(g)(2) and 75(c). On the Department's appeal, we vacate that part of the judgment denying any recovery to the mother individually for her past necessary support of the child when not receiving public assistance.

After trial the court found Look to be the father of a child born in 1980, ordered him to pay child support of $67 per week as well as medical, dental, and optical expenses, and entered a judgment in favor of the Department for an amount in excess of $40,000, representing the total public assistance and medical expenses incurred by the Department within six years of the 1987 complaint. Despite evidence that between 1981 and 1987 the mother expended more than $20,000 for support of the child when she was not receiving public assistance, the court declined to enter a judgment in favor of the mother. The Department challenges that decision.

The court's denial of a judgment in favor of the mother was based on 1) failure of the mother to prove "the accuracy of the total expenditures" claimed by her and 2) the substantial judgment entered against Look in favor of the Department. To the extent the court required proof of the exact amount claimed, the court erred as a matter of law. To the extent the court found no proof of any expenditures for past necessary support of the child, that finding was clearly erroneous. *See Harmon v. Emerson*, 425 A.2d 978, 982 (Me.1981).

There can be no doubt that Look is responsible in part for the necessary support provided by the mother. 19 M.R.S.A. § 271. The court, however, apparently concluded that Look, who alone is responsible to reimburse the Department for its expenditures on behalf of the child, ought not be required to reimburse the mother at all because she also has a legal obligation to support the child. 19 M.R.S.A. § 443–A. That ruling is inconsistent with the statutes relating to the debt due the Department. A responsible parent is liable for

the full debt owed to the Department resulting from the payment of public assistance. *See Department of Human Servs. v. Roy*, 585 A.2d 813, 816 (Me.1991); 19 M.R.S.A. § 495. This debt is not incurred, however, "by any responsible parent while that parent receives public assistance for the benefit of any of ... her natural ... children." 19 M.R.S.A. § 496. Thus, in the case at bar the mother does not share in responsibility for support of the child while receiving AFDC, and yet she is entitled to help from the father for the period before she received AFDC.

The entry is:

Judgment against the mother vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.