**STATE of Maine**

v.

**Alan D. ROBERTS.**

Supreme Judicial Court of Maine.

Argued May 1, 1992.
Decided June 1, 1992.

David W. Crook, Dist. Atty., Alan Kelley (orally), and James Cameron, Asst. Dist. Attys., Augusta, for the State.

Robert E. Sandy, Jr. (orally), Sherman, Sandy & Lee, Waterville, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Alan Roberts appeals from a conviction of operating under the influence (OUI) entered in the District Court (Waterville, *MacNichol, J.*) and affirmed by the Superior Court (Kennebec County, *Kravchuk, J.*). Roberts contends that his refusal to submit

to a chemical test to determine his blood-alcohol content should have been suppressed because he was not given an adequate warning as to the consequences of such refusal and was not permitted to contact his attorney. He also contests the sufficiency of the evidence. Finding no error in the District Court's decision, we affirm.

Roberts was arrested on January 25, 1991, after Officer Main of the Waterville P.D. observed him driving erratically, smelled alcohol on his breath and noticed other indicia of intoxication. When he failed to produce a valid drivers' license, Roberts was charged with operating under the influence and operating after suspension (OAS). Officer Main read him the statutory "implied consent" form despite Roberts' protestations and Roberts refused to submit to chemical testing to measure his blood-alcohol level. He asked permission to call his lawyer for advice on whether to submit to a test, but Main did not allow him to do so.

At the hearing, the District Court denied Roberts' motions to suppress his refusal to submit to a chemical test and found him guilty on the OUI and OAS counts. Roberts was sentenced to a 48 hour jail term and a 90 day license suspension on the OUI charge. The Superior Court denied his appeal of the OUI conviction.

We review the District Court proceedings directly. *State v. Arnheiter*, 598 A.2d 1183, 1184 (Me.1991). We will disturb the decision of the District Court only if we find errors of law or clearly erroneous findings of fact. *Interstate Indus. Uniform Rental Service, Inc. v. Couri Pontiac, Inc.*, 355 A.2d 913, 917 (Me.1976); M.R.Civ.P. 52(a).

## I.

The United States Supreme Court has held that a state may compel a suspect to submit to a chemical test without violating the federal Constitution. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). In *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), the Court reasoned that allowing the suspect to choose whether to submit to testing was "a matter of grace" bestowed by the state legislature and, thus, not subject to constitutional protections.[1] *Id.* at 565, 103 S.Ct. at 923. It held that failure to warn a suspect of all the consequences of refusal did not run afoul of the Due Process Clause. *Id.* at 566, 103 S.Ct. at 924. We have noted that the right to a warning of the consequences of refusing a chemical test is not one of constitutional dimensions. *State v. Plante*, 417 A.2d 991, 994 (Me.1980).

By statute, officers are instructed to give a specific set of warnings in order to render refusal to submit to testing admissible in court. 29 M.R.S.A. § 1312 (pamph. 1991).[2] The implied consent form

---

1. As in *Neville,* the warnings provided in this case were not designed to "trick" the defendant into refusing a test, then using the refusal against him at trial. *See* 459 U.S. at 566, 103 S.Ct. at 924.

2. 29 M.R.S.A. § 1312 provides, in pertinent part,

    **1. Prerequisites to tests.** Before any test specified is given, the law enforcement officer shall inform the person as to whom there is probable cause that, if the person fails to comply with the duty to submit to and complete the required chemical tests at the direction of the law enforcement officer, that person's license or permit to operate, right to operate or right to apply for or obtain a license will be suspended and the period of suspension will be a minimum of 6 months and may be as long as three years. The officer should also inform the person that the failure to comply with the duty to submit to a chemical tests (sic.) is admissible in evidence against that person at any trial for operating under the influence of intoxicating liquor or drugs.

    ... The only effects of failure of the officer to comply with this prerequisite are as provided in subsections 2 and 8.

Officer Main provided all of the warnings listed in section 1. Subsection 2 is not pertinent to this appeal, but subsection 8 provides,

    The failure of a person to comply with the duty required by this section to submit to a chemical test shall be admissible in evidence on the issue of whether that person was under the influence of intoxicating liquor or drugs. If the law enforcement officer having probable cause to believe that the person operated or attempted to operate a motor vehicle under the influence of intoxicating liquor or drugs fails to give either of the warnings required under subsection 1, the failure of the person

warning tracks the statutory language. Roberts is correct in asserting that the warnings required by 29 M.R.S.A. § 1312 do not reflect the full range of penalties imposed for non-compliance. In 1987 the statute was amended to make refusal to submit to a test an aggravating factor and to invoke a mandatory minimum sentence of incarceration for such refusal. P.L. 1987, c. 791 as amended by Laws 1987, c. 861; *see* 29 M.R.S.A. § 1312–B(2)(B). Because the right to a warning is statutory in nature, we are without authority to expand the warning to encompass the full range of potential penalties.

 29 M.R.S.A. § 1312(8) provides that if the requisite warning is given, evidence of refusal to submit to testing is admissible to show intoxication. Pursuant to 29 M.R.S.A. § 1312–B(2) the court was required to consider Roberts' refusal to undergo chemical testing as an aggravating factor. Section 1312–B(2)(B)(4) further specifies that because of that refusal, the court could not suspend the imposition of a minimum fine of $300, a minimum jail term of 48 hours and a 90 day license suspension. The court properly complied with these statutory mandates.

### II.

 Roberts argues that he had a right to consult counsel before deciding whether to take the chemical test. We have held that there is no right to consult an attorney before deciding whether to submit to chemical testing. *State v. Jones,* 457 A.2d 1116 (Me.1983). The analysis of when a Sixth Amendment right to counsel applies is based on the stage of the prosecution. *See United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). That a more severe penalty may accrue does not render the decision a "critical stage." The reasoning in *Jones* remains undisturbed;

> Although the test may seem critical because its results are so persuasive at trial, the test decision is not critical in the *Wade* sense. There is little counsel could do in making a decision (or, even, during the administration of the test) for

*to comply* with the duty to submit to chemical

the defendant. The test is, in fact, a "mere preparatory step".

*Jones,* 457 A.2d at 1119, n. 5.

### III.

In reviewing the sufficiency of the evidence, we examine the evidence in the light most favorable to the State to determine whether the trier of fact could reasonably have found, beyond a reasonable doubt, each element of the offense. *State v. Barry,* 495 A.2d 825, 826 (Me.1985). There is ample support in the record for a finding that Roberts operated a motor vehicle while under the influence of alcohol.

The entry is:

Judgment affirmed.

All concurring.

tests shall not be admissible....