**STATE of Maine**

v.

**GEORGE C. HALL & SONS, INC.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 20, 1992.
Decided Dec. 24, 1992.

Greg N. Dorr, Asst. Dist. Atty., Rockland, for plaintiff.

Steven C. Peterson, Camden, Joseph Steinberger, Rockland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

The defendant, George C. Hall & Sons, Inc. (Hall), appeals from a judgment of the Superior Court (Knox County, *Kravchuk, J.*) affirming three separate judgments in the District Court (Rockland, *Wescott, J.*) finding Hall in violation of statutory vehicle weight limits. Because we conclude that there was no error in the admission of the State's documentary evidence, no violation of due process, and that there was sufficient evidence to support the District Court judgments, we affirm.

On the morning of November 13, 1990, three trucks owned by Hall were found to exceed the maximum truck weight limits. *See* 29 M.R.S.A. § 1652 (1978 & Pamph. 1991). The trucks were weighed by a state trooper using portable wheel load scales. Hall denied liability for two charges brought pursuant to 29 M.R.S.A. § 1654 (Pamph.1991) (excessive vehicle weight), and one charge of a violation of 29 M.R.S.A. § 1654-A (Pamph.1991) (aggravated excessive vehicle weight), and the cases were consolidated for a hearing in the District Court. At the hearing, in addition to testifying that he weighed the trucks and that the weights exceeded the statutory limits, the trooper testified that the scales used to weigh the trucks were of an approved type and had been checked for accuracy within the previous twelve months. In addition, over Hall's objections, the State introduced a report of the State Sealer of Weights and Measures certifying the testing of five sets of portable truck scales, including the one used to weigh Hall's trucks, to prove that the scale was of an approved type and had been

tested by an approved person and method.[1] The court found that Hall's vehicles had exceeded the maximum weight limits and imposed the statutory fines. On appeal, the Superior Court affirmed the judgments, and Hall now appeals to this court.

When the Superior Court acts as an intermediate appellate court, we review directly the trial court's findings for clear error. *Department of Human Servs. v. Roy*, 585 A.2d 813, 816 (Me.1991). Although it concedes that the report of the State Sealer certifying the testing of the portable truck scales is a public record within the meaning of M.R.Evid. 803(8)(A),[2] Hall contends that the report is inadmissible hearsay, excluded from the public records exception to the hearsay rule because it is an investigative report prepared and offered by the government in a case in which it is a party. M.R.Evid. 803(8)(B)(ii). We disagree. Compilations by public agencies of regularly recorded data are not investigative reports within the meaning of M.R.Evid. 803(8)(B)(ii). *Roy*, 585 A.2d at 816; *Department of Human Servs. v. Hulit*, 524 A.2d 1212, 1215 (Me.1987). 29 M.R.S.A. § 1654(9) requires annual testing of the scales, and the report is merely a record of the test results. Nor is the record of testing inadmissible under M.R.Evid. 803(B)(iii) as a factual finding offered by the State in a criminal case. All three violations of which Hall is accused are traffic infractions, 29 M.R.S.A. §§ 1654(1), 1654–A(1), that are defined by the legislature and treated by the courts as civil, and not criminal, matters. *State v. Anton*, 463 A.2d 703, 708 (Me.1983); *State v. Meyer*, 423 A.2d 955, 956 n. 1 (Me.1980); 17–A M.R.S.A. § 4–B (Supp.1991); 29 M.R.S.A. § 1(17–C) (1978 & Supp.1991). Accordingly, there was no error in admitting the report.

Hall next contends that the State was not entitled to the benefit of the statutory presumption[3] of the scale's accuracy because the State failed to prove that the scales were tested by a "method approved by the department [of transportation]." The Department of Transportation deferred to the State Sealer of Weights and Measures (within the Department of Agriculture), responsible for weights and measures, *see* 10 M.R.S.A. §§ 2301–2755 (1980 & Supp.1991), to determine the appropriate testing method. There is nothing to indicate that the legislature, in enacting the statutory presumption, intended to constrain the Department of Transportation in approving a testing method. Nor is there any evidence that the method used was inaccurate or in any way inappropriate.

The record reflects that the trooper testified that the trucks appeared overweight, that he weighed them with a set of scales that had been tested for accuracy within the previous year, and that they were over the allowed statutory weight. Hall offered no testimony in rebuttal. Even without the benefit of the statutory presumption, there is sufficient evidence in the record to support the District Court's conclusion that the trucks were over-

---

1. Pursuant to 29 M.R.S.A. § 1654(9) (Pamph. 1991), weights as indicated by properly approved and tested scales are presumed accurate.

2. M.R.Evid. 803(8)(A), (B)(ii) & (iii) provide: The following are not excluded by the hearsay rule....
   (8) Public Record and Reports
   (A) To the extent not otherwise provided in (B), records, reports, statements, or data compilations in any form of a public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.

   (B) The following are not within this exception to the hearsay rule: ... (ii) investigative reports prepared by or for a government, a public office or an agency when offered by it in a case in which it is a party; (iii) factual findings offered by the state in criminal cases....

3. 29 M.R.S.A. § 1654(9) provides:
   *Scales.* For the purposes of this title, weights as indicated by any type of stationary or portable scales approved by the department of Transportation and tested within 12 calendar months prior to the time of use by a person and method approved by the department shall be deemed accurate.

weight. *See State v. Arnheiter*, 598 A.2d 1183, 1185 (Me.1991).

 Similarly, we find no merit in Hall's contention that the statutory presumption of the accuracy of the scales violates its right to due process. The presumption goes only to the scale's accuracy and is not the equivalent of a presumption of responsibility for excessive vehicle weight; the State must still prove the proper use of the scale to corroborate the trooper's observations as to the weight of the truck. Moreover, laws establishing presumptions are proper unless the presumption is irrebuttable, not necessarily true in fact, and the State has reasonable alternatives in making the determination. *Arnheiter*, 598 A.2d at 1186. Such is not the case here.

The entry is:

Judgment affirmed.

All concurring.