Kimberly SULLIVAN

v.

Craig JOHNSON.

Supreme Judicial Court of Maine.

Argued June 14, 1993.
Decided July 14, 1993.

C. Donald Briggs (orally), Gail E. Peabody, Cloutier & Briggs, P.A., Rockport, for plaintiff.

Robert F. Hanson (orally), Norman, Hanson & DeTroy, Portland, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

COLLINS, Justice.

Kimberly Sullivan appeals from an adverse judgment of the Superior Court (Knox County, *Alexander, J.*) entered on a jury verdict in her medical malpractice case against Craig Johnson, M.D. This case requires us to examine the Health Security Act, 24 M.R.S.A. §§ 2851–2859 (1990), to determine the effect of the provision contained in 24 M.R.S.A. § 2857(1)(B) that provides for the admissibility in evidence "without explanation" of unanimous and unfavorable findings by the prelitigation screening and mediation panel (the "Panel"), with regard to the issues of negligence and proximate causation.[1] Because we conclude that the Superior Court acted well within its discretion when it allowed Johnson's attorney to mention the panel's findings during opening statement, introduce the findings in evidence and address the findings during closing argument, we affirm the judgment of the Superior Court.

On or about September 12, 1988, Sullivan commenced this action by serving a notice of claim on Dr. Johnson pursuant to 24 M.R.S.A. § 2903. In accordance with the mandatory prelitigation screening panel provisions of the Maine Health Security Act, 24 M.R.S.A. §§ 2851–2859, a prelitigation screening panel was convened. On September 10, 1990, the panel heard Sullivan's claim against Johnson. After presentation by the parties in accordance with the hearing procedures of § 2854, the panel found:

> No reasonable medical or professional probability that the acts or omissions complained of in this instance constitute a deviation from the appropriate standard of care by the Respondent [Johnson].

> No reasonable medical or professional probability that the acts or omissions complained of in this instance proximately caused the injury complained of.

Despite this unanimous panel finding. Sullivan proceeded with her claim against Johnson in the Superior Court. Prior to trial, Sullivan filed a motion *in limine* requesting that the court prohibit defense counsel from referring to the panel findings. The court adopted, as appropriate, language submitted by Sullivan whereby defense counsel would be allowed to state "Part of the process of this case is that it has to go through a preliminary panel and this is the result" in conjunction with the admission in evidence of the written findings.

During his opening, the defendant made some statements concerning the panel's findings.[2] After the opening statements,

---

1. Specifically, 24 M.R.S.A. § 2857(1)(B) provides:

   **B.** As to either question under section 2855 [negligence and causation], unanimous and unfavorable to the claimant, the findings, without explanation, shall be admissible in any subsequent court action for professional negligence against the person accused of professional negligence by the claimant based on the same set of facts upon which the notice of claim was filed.

2. Specifically, defense counsel stated:

   Now, as part of the process in a medical malpractice case, before you, the jury, hear a case, it must go through what is known as a panel process. That occurred in this case.

   They considered the very same claim [and issues] you're considering. You will have in your jury room what has been marked as Exhibit Number One, which is their finding. I will just briefly go over that finding with you.

   As you can see State of Maine, Knox County, the clerk's stamp, the docket number, findings in Kimberly Sullivan versus Craig Johnson. You will notice they call him respondent—that's the same as defendant. In this proceed[ing] they call Mrs. Sullivan claimant—that's the same as plaintiff.

   The findings are as follows: This matter was heard on September 10, 1990 before a panel consisting of Thomas W. Williams, M.D., Wayne Crandall, Esq., and William McCarthy, Chairman.

Sullivan moved for a mistrial on the grounds that the defendant "failed to comport with [the court's order] with respect to the panel's findings." While the court agreed that defense counsel exceeded the language approved by the court, the motion for mistrial was denied. Further, Sullivan accepted the court's decision not to give a curative instruction because of concerns that such action would draw further attention to the matter and increase the damage already done.

Prior to closing arguments the court again addressed the panel's findings and allowed Johnson to argue the results of the findings. The jury returned a defense verdict and a judgment was entered on that verdict. Sullivan's motion for a new trial was subsequently denied by the court and she filed this timely appeal.

## I

■ Johnson, relying on the general rule that, in order to avoid a binding inference of a waiver, an objection must be made at the time the improper statement is addressed to the jury, *see Werner v. Lane*, 393 A.2d 1329, 1334 n. 3 (Me.1978), argues that Sullivan's claims are not properly preserved for appellate review as a result of her failure to object during Johnson's opening and closing arguments. We disagree. "The double purpose of [an] objection is to call the court's attention to the point with such precision that it may rule advisedly and 'to give the other side full opportunity to obviate [the defect] at the time, if, under any circumstances, that can be done.' " 1 Richard H. Field, Vincent L. McKusick & L. Kinvin Wroth, *Maine Civil Practice* § 46.1 at 632 (2d ed. 1970) (footnotes omitted). We have not, however, required the making of an objection in a wooden manner. *See* Field, McKusick & Wroth at 299 (Supp.1981). When the record is sufficient-

ly developed to allow meaningful appellate review, and it is apparent on the record that the claims raised on appeal were fully considered at the trial, we will not view the claims as "unpreserved" merely because a technical objection was not actually interposed. *See id.; Luce v. Maine Fidelity Life Ins. Co.*, 323 A.2d 589, 591 (Me.1974).

■ In this particular case, the record reveals that at Sullivan's prompting, prior to Johnson's opening, the court and the parties addressed the extent to which Johnson would be allowed to discuss the panel findings. With regard to the closing arguments, it is again apparent that the parties and the court addressed the issue at length prior to the beginning of Johnson's closing argument. In short, the record is extremely well-developed and evidences a careful inquiry by the parties and the trial court into the effect of the "without explanation" language on the procedure surrounding the admissibility of the findings. *See* 24 M.R.S.A. § 2857. As a result, Sullivan's claim is properly preserved for review.

## II

■ On appeal, as at trial, Sullivan argues for a strict interpretation of the "without explanation" language. *See* 24 M.R.S.A. § 2857. In effect, Sullivan would read the "without explanation" language to require the findings to be introduced with absolutely no comment. Moreover, contrary to her position at trial, at argument Sullivan took the position that the statute prohibits the trial court or either of the parties from commenting, in any way, on the findings of the panel. While the words "without explanation," read in a vacuum, could arguably be construed to reach such a result, we conclude that the statute should be read as a whole with a view toward effectuating the legislature's purpose of encouraging pretrial resolution of

"After careful consideration the Panel finds: one, no reasonable medical or professional probability that the acts or omissions complained of in this instance constitute a deviation from the appropriate standard of care by the respondent, Dr. Johnson."

The second thing they found: "No reasonable medical or professional probability that

the acts or omissions complained of in this instance proximately caused the injury complained of." It's signed by the people and dated September 10, 1990.

I'm confident that after you hear all of the witnesses and apply your God-given common sense to the facts as you hear them, that you will make the same findings.

these claims. *See, e.g., Mahaney v. State,* 610 A.2d 738, 741 (Me.1992) (Court must discern from the plain language the real purpose of the legislation, avoiding results that are absurd, inconsistent, unreasonable or illogical); *Cote v. Georgia–Pacific Corp.,* 596 A.2d 1004, 1004–05 (Me.1991); *Bangor Hydro–Elec. Co. v. Board of Envtl. Protection,* 595 A.2d 438, 442 (Me. 1991); *State v. Niles,* 585 A.2d 181, 182 (Me.1990).

■ The explicit purpose for the mandatory prelitigation screening and mediation panels is to identify claims of professional negligence that merit compensation and to encourage early resolution of those claims prior to commencement of a lawsuit or to encourage early withdrawal or dismissal of claims without merit. *See* 24 M.R.S.A. § 2851(1)(A) & (B) (1990). The statutory mechanism for encouraging the settlement, withdrawal or dismissal of claims is set forth in 24 M.R.S.A. § 2857 (1990) which provides for the admission in evidence "without explanation" of unanimous panel findings as to the issues of negligence and causation. *See* 24 M.R.S.A. § 2857(1)(A) & (B) (1990); 24 M.R.S.A. § 2855 (1990). Only when a litigant insists on proceeding to trial in the face of a unanimous and unfavorable panel finding does the statute contemplate the admission of the panel finding against a defendant who refuses to settle a meritorious claim or against a plaintiff who refuses to withdraw a claim without merit. *See* 24 M.R.S.A. §§ 2855, 2857, 2858. The legislature's intent to force final disposition of these claims short of trial is apparent on the face of this statute; and, it is in that light that we evaluate the parties' contentions.

■ When viewing the statutory scheme in this manner, the shortcomings of Sullivan's position become apparent. Accordingly, we read the statute to bar explanation of the panel deliberations or proceedings. Such a reading harmonizes the disclosure provisions with the confidentiality provisions of the statute.[3] *See Mahaney,* 610 A.2d at 741. Accordingly, it is permissible for the proffering party to utilize the admissible panel findings as they would any other piece of admissible evidence. The only restrictions on the use of the findings are found in the provisions of § 2857 relating to confidentiality or privilege. These restrictions do not prohibit comment on the findings by the trial court. Indeed, it is advisable for the trial court to make a preliminary comment, similar to that approved by the trial court in this case, that clarifies that the panel process is merely a preliminary procedural step through which malpractice claims proceed. Finally, either party may use or refer to unanimous findings "without explanation" in either their opening or closing statements.

3. Specifically, section 2857 provides for the confidentiality of the panel proceedings as follows:

**1. Proceedings before panel confidential.** Except as otherwise provided in this section and section 2858, all proceedings before the panel, including its final determinations, shall be treated in every respect as private and confidential by the panel and the parties to the claim. No findings or other writings of the panel, nor any evidence or statements made by any party or his representative during a panel hearing may be admissible or otherwise submitted or used in any way for any purpose in any subsequent court action or any other public disclosure made, unless otherwise agreed by the party who made the statement or presented the evidence.

\* \* \*

**2. Deliberations, discussions and testimony privileged and confidential.** The deliberations and discussion of the panel and the testimony of any expert, whether called by any party or the panel, shall be privileged and confidential, and no such person may be asked or compelled to testify at a later court proceeding concerning the deliberations, discussions, findings or expert testimony or opinions expressed during the panel hearing, unless by the party who called and presented that nonparty expert, except such deliberation, discussion and testimony as may be required to prove an allegation of fraud.

24 M.R.S.A. § 2857 (1990).

Thus, since the court appropriately denied Sullivan's motions for a mistrial or new trial, *see Joy v. Marston*, 581 A.2d 418, 419 (Me.1990); *Bodwell–Leighton Co. v. Coffin & Wimple*, 144 Me. 367, 69 A.2d 567 (1949), there was no abuse of discretion.

The entry is:

Judgment affirmed.

All concurring.