**STATE of Maine**

v.

**James William KEE.**

Supreme Judicial Court of Maine.

March 1, 1979.

---

Joseph H. Field, Asst. Dist. Atty., Bath (orally), for plaintiff.

Miller & Davidson (orally), Waldoboro, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

After a jury trial in the Superior Court (Lincoln County), defendant James William Kee was adjudicated convicted of the Class E [1] crime of trespassing on the premises of the "Maine Yankee" nuclear power plant situated in Wiscasset, Maine. Defendant has appealed from the judgment of conviction, contending that the presiding Justice erroneously precluded him from justifying his conduct by asserting the "defense" of "competing harms" authorized by 17-A M.R.S.A. § 103.

We reject defendant's claim.

As here pertinent, 17-A M.R.S.A. § 103(1) provides:

"Conduct which *the actor believes to be necessary to avoid imminent physical harm to himself or another* is justifiable if the desirability and urgency of avoiding such harm outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the statute defining the crime charged." (emphasis added)

Relying on the language we have emphasized, defendant maintains that since he *actually believed,* whether or not it was the fact, that the workers at the power plant were exposed to imminent danger of physical harm, the "defense" of "competing harms" was available to him in this case, and the presiding Justice erred in ruling to the contrary.

Defendant misreads the "competing harms" statutory provision. That defense is not in play merely because a defendant

---

1. Kee was charged with the offense of violating 17-A M.R.S.A. § 402. Subsection 3 of that section provides:

"Criminal trespass is a Class D crime if the violation of this section was by entering a dwelling place, as defined in section 2. All other criminal trespass is a Class E crime."

subjectively believes that a threat of imminent physical harm to person or property exists; it is further requisite that it be shown as a fact that such physical harm is imminently threatened.[2] If, here, defendant confronted circumstances which *in fact* threatened "imminent physical harm to himself or another", defendant's contention would be correct that his subjective belief as to the particular course of conduct "necessary" to prevent the occurrence of that physical harm would not be open to further question on grounds of whether it met ordinary standards of reasonableness.

Subsection 2 of 17–A M.R.S.A. § 103, establishing an exception within the "competing harms" justification defense, corroborates the interpretation we give to the language of subsection 1. Subsection 2 says:

"When the actor was reckless or criminally negligent in *bringing about the circumstances requiring* a choice of harms or in *appraising the necessity of his conduct,* the justification provided in subsection 1 does not apply in a prosecution for any crime for which recklessness or criminal negligence, as the case may be, suffices to establish criminal liability." (emphasis added)

The emphasized words show that the Legislature regards the "circumstances" giving rise to the need for a choice of harms, i. e., the imminence of physical harm, as circumstances existing in fact. This contrasts with the legislative approach to the subject of the "necessity" of defendant's conduct, · as to which the Legislature uses the subjective judgmental term, "appraisal."

2. Mistake of fact by a defendant may, as such, be the basis of a defense to criminal liability in particular circumstances. See 17–A M.R.S.A. § 52.

3. We thus have no occasion, here, to address the issue considered, and decided in the affirmative, by the New Hampshire Court in *State v. Dorsey,* N.H., 395 A.2d 855 (1978): whether a deliberate legislative determination to permit the operation, and to encourage the development, of nuclear power plants forecloses the right of a defendant to assert a "competing harms" justification for conduct that seeks to provide information as to alleged dangers of

Here, defendant made no proffer of evidence, and no evidence was presented, to indicate that there was in fact imminent danger of physical harm to any person, whether the defendant or the workers at the "Maine Yankee" nuclear power plant. The presiding Justice was therefore correct in his ruling that the competing harms defense was not in the case. Because it is a defense, 17–A M.R.S.A. §§ 101, 103, the "competing harms" justification does not become eligible for consideration by the fact-finder unless and until defendant meets the burden of ensuring the presence of evidence (whether coming from the State or defendant) sufficient to raise a reasonable doubt as to each of the elements of the defense. 17–A M.R.S.A. § 5. The instant record being devoid of evidence, or a proffer thereof, sufficient to raise a reasonable doubt as to whether there was in fact an "imminent" danger of "physical harm" to defendant or to the plant workers, the "competing harms" justification was not generated. See *State v. Rice,* Me., 379 A.2d 140, 147 (1977) (involuntary intoxication defense); *State v. Thompson,* Me., 370 A.2d 650, 654 (1977) (defense of third person).[3]

Though defendant's attack on the judgment's adjudication of his guilt of the crime charged against him thus fails, the record reveals a difficulty with the sentence. Defendant was sentenced to be imprisoned for five days and to pay a fine of $1,000.00. The problem presented by this sentence is that a fine of $1,000.00 is unlawful as a sentence for a Class E crime, for which the maximum fine statutorily authorized is $500.00.[4]

physical harm incident to the generation of atomic energy.

4. 17–A M.R.S.A. § 1301(1) provides in part: "A natural person who has been convicted of a Class B, Class C, Class D or Class E crime may be sentenced to pay a fine, unless the statute which the person is convicted of violating expressly provides that the fine and imprisonment penalties it authorizes may not be suspended, in which case the convicted person shall be sentenced to the imprisonment and required to pay the fine authorized therein. Subject to such sentences and to section 1302, the fine . . . shall not exceed:

Ordinarily, illegality in a sentence is a matter to be raised by defendant either (1) by a motion to correct an unlawful sentence pursuant to Rule 35(a) M.R.Crim.P.[5] or (2) by raising the issue in the direct appeal from the judgment of conviction, where the illegality in the sentence is apparent on the face of the record. See *State v. Capitan*, Me., 363 A.2d 221, 224 (1976); *State v. Carver*, Me., 330 A.2d 785, 786 (1975).

Here, defendant did not file a Rule 35(a) motion, and he did not raise the issue of illegality in his sentence in his brief on appeal. At oral argument, however, the Court brought the issue forward. Counsel for defendant then urged us to take cognizance of the illegality in the sentence and to take remedial action as to it. For this reason, we need not here decide whether we would address the issue on our own if defendant, making a tactical decision to accept the sentence, were to object to appellate action to remove the illegality in it.

 We conclude that the illegality in the amount of the fine is a severable part of the sentence. The record of the sentencing proceeding makes plain that the presiding Justice had determined the length of time defendant was to be incarcerated on grounds unrelated to, and independent of, those that led him to impose a fine in the amount fixed. The $500.00 illegal excess in the fine being thus severable from the rest of the fine and sentence, we strike it and allow the sentence to stand as modified to impose a fine of $500.00, the maximum here allowable.

The entry is:

Appeal denied; sentence embodied in the judgment of conviction modified to the extent that the fine imposed is reduced from $1,000.00 to $500.00; judgment of conviction as thus modified affirmed; case remanded to the Superior Court for entry of the modified judgment of conviction herein affirmed.

McKUSICK, C. J., and DELAHANTY, J., did not sit.

---

"C. $500 for a Class E crime . . .."

**5.** Rule 35(a) M.R.Crim.P. provides:

"The justice who imposed sentence may revise a sentence prior to the commencement of execution thereof and may correct an illegal sentence or a sentence imposed in an illegal manner within sixty days after the sentence is imposed, or within sixty days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal."