STATE of Maine

v.

**Warren BRASSLETT and Leon Maloon.**

Supreme Judicial Court of Maine.

Argued Nov. 3, 1982.

Decided Nov. 29, 1982.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Gross, Minsky, Mogul & Singal, P.A., Carl Rella, Bangor, for Warren Brasslett.

Hall, DeSanctis & Schultz, Julio DeSanctis, III (orally), Bangor, for Leon Maloon.

Before McKUSICK, C.J., and GODFREY, NICHOLS, CARTER and VIOLETTE, JJ.

MEMORANDUM OF DECISION.

■ Defendants appeal from their convictions for criminal mischief, 17–A M.R.S.A. § 806, following a jury trial in Superior Court, Penobscot County. They contend that the presiding justice erred in refusing to give their requested instruction on a "competing harms" defense and abused his sentencing discretion.

In *State v. Kee,* 398 A.2d 384 (Me.1979), we stated that,

> [b]ecause it is a defense, 17–A M.R.S.A. §§ 101, 103, the "competing harms" justification does not become eligible for consideration by the fact-finder unless and until defendant meets the burden of ensuring the presence of evidence (whether coming from the State or defendant) sufficient to raise a reasonable doubt as to each of the elements of the defense.

*Id.* at 386. After a thorough review of the record, we are satisfied that the presiding justice did not commit error in determining that the evidence was insufficient to generate the competing harms defense.

■ Defendants also appeal their sentences, claiming as error the presiding justice's abuse of discretion in imposing on them six month prison terms.[1] The sentences are not, however, alleged to be, nor in fact are they, facially invalid. The claimed sentencing infirmities are thus not cognizable on direct appeal. *State v. Rich,* 395 A.2d 1123, 1133 (Me.1978), *cert. denied,* 444 U.S. 854, 100 S.Ct. 110, 62 L.Ed.2d 71 (1979).

The entry is:

Judgment affirmed.

All concurring.

---

**1.** Criminal mischief, a Class D crime, carries a maximum sentence of up to one year. 17–A M.R.S.A. § 1252(2)(D).