**STATE of Maine**

v.

**Cynthia MOORE.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 14, 1990.

Decided July 18, 1990.

Janet Mills, Dist. Atty., Craig E. Turner, Deputy Dist. Atty., Auburn, for plaintiff.

Justin W. Leary, Robert A. Laskoff, P.A., Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Cynthia Moore appeals from her conviction of operating a motor vehicle after having been declared an habitual offender, 29 M.R.S.A. § 2298 (Supp.1989), entered upon a conditional plea of guilty. Moore contends that the Superior Court (Androscoggin County, *Delahanty, J.*) erred in refusing to instruct the jury on the competing harms defense, 17–A M.R.S.A. § 103 (1983). Although Moore's conditional plea of guilty did not meet the requirements of M.R.Crim.P. 11(a)(2), we reach the merits of Moore's appeal in the interest of judicial economy. Because the competing harms defense is not generated on the evidence in this case as a matter of law, we affirm the judgment.

On the afternoon of June 21, 1988, John Stevens visited Cynthia Moore at her home on Bates Street in Lewiston. After Stevens consumed several beers, he drove Moore to visit some of his friends who lived about four blocks away. Upon their arrival, Stevens started arguing with the house's residents, prompting Moore to take the keys to Stevens's vehicle from him because she did not think he was sober enough to drive. Stevens began arguing and fighting with Moore to retrieve his keys, but calmed down momentarily after Moore promised to drive them back to her house. Stevens, however, continued to act up in the vehicle while Moore was driving until the police pulled them over. The officers charged Moore with driving while an habitual offender, and arrested Stevens for disorderly conduct after he threatened one of the officers. At the close of evidence at trial,[1] the court denied Moore's request for a jury instruction on the competing harms defense. Moore then entered a conditional plea of guilty pursuant to M.R.Crim.P. 11(a)(2)[2] that the State consented to and the court accepted. This appeal by Moore followed.

M.R.Crim.P. 11(a)(2) governing conditional pleas of guilty was adopted to provide a procedure to preserve for appellate review "any *pretrial motion* and ruling thereon," M.R.Crim.P. 11(a)(2) (emphasis added), to "allow[ ] a defendant to preserve the *pretrial ruling* for appeal without the necessity of insisting on a trial, thereby expediting the appeal while at the same time conserving resources." 1 Cluchey & Seitzinger,

---

1. This is Moore's second trial on this same charge. At her first trial, the jury found her guilty but the trial court granted her a new trial because of the admission of unduly prejudicial evidence.

2. M.R.Crim.P. 11(a)(2) provides as follows:
   *Conditional Guilty Plea.* With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional guilty plea. A conditional guilty plea shall be in writing. It shall specifically state any pretrial motion and the ruling thereon to be preserved for appellate review. If the court approves and the attorney for the state consents to entry of the conditional guilty plea, they shall file a written certification that the record is adequate for appellate review and that the case is not appropriate for application of the harmless error doctrine. Appellate review of any specified ruling shall not be barred by the entry of the plea.
   If the defendant prevails on appeal, the defendant shall be allowed to withdraw the plea.

*Maine Criminal Practice* § 11.10, at 11–30–31 (1989) (emphasis added).

▪ In entering her conditional guilty plea, Moore tried to preserve as issues the court's failure to instruct the jury on the competing harms defense, and the court's refusal to allow Moore to testify as to what she believed her intoxicated friend's reaction would have been had she not driven his car but instead left without giving him the keys, an issue she has not pursued on appeal. Neither of these issues was raised in a pretrial motion, nor could they have been so raised. Whether a jury should be instructed on a particular defense in a criminal case almost always depends on whether the evidence presented at trial generates the defense.

▪ By not conditioning her plea of guilty on a ruling on a pretrial motion, Moore has failed to preserve for review her claim that she was entitled to a competing harms jury instruction. In the special circumstances of this case, however, judicial economy is best promoted, without doing damage to any principle of judicial review, by our addressing the merits of Moore's appeal. The issue of Moore's entitlement to a competing harms jury instruction can be decided by the application of established law to the record in this case fully developed in the trial court. Careful use of scarce judicial resources dictates that we exercise our prudential authority to bring this litigation to an end.

▪ Moore argues on appeal that because of Stevens's intoxication his driving would have posed a risk to the safety of Moore and others, and that the evidence generated the competing harms defense. We disagree. The competing harms defense applies to "[c]onduct which the actor believes to be necessary to avoid imminent physical harm to himself or another...." 17-A M.R.S.A. § 103(1).[3] Such conduct is justified if "the desirability and urgency of avoiding such harm outweigh[s], according to ordinary standards of reasonableness, the harm sought to be prevented by the statute defining the crime charged." *Id.* Although the state bears the burden of proof as to all elements of the offense, and must disprove the competing harms defense once it is generated, the defendant has the burden of establishing that the competing harms defense is generated by ensuring the presence of "evidence sufficient to make the existence of all the facts constituting the defense a reasonable hypothesis for the factfinder to entertain." *State v. Glidden,* 487 A.2d 642, 644 (Me. 1985); *State v. Kee,* 398 A.2d 384, 386 (Me.1979); 17-A M.R.S.A. § 101(1) (1983).[4] In order to generate the defense there must be evidence that the defendant's conduct was necessary because of a specific and imminent threat of injury to the defendant or another leaving no reasonable alternative other than violating the law. *Kee,* 398 A.2d at 386; *see also People v. Handy,* 603 P.2d 941, 943 (Colo.1979).

Moore drove due to an incident occurring neither in an isolated setting nor in bad weather, but rather in the City of Lewiston in warm weather, during daylight hours and within easy walking distance to her home. That Moore's driving of Stevens's automobile was the only alternative to avoid injury to herself or others was not "a reasonable hypothesis for the [jury] to entertain." *Glidden,* 487 A.2d at 644. In the circumstances of this case, section 103 does not sanction the operation of a motor vehicle by an habitual offender, a status resulting from a history of serious motor

---

**3.** 17–A M.R.S.A. § 103(1) (1983) provides in pertinent part as follows:

> Conduct which the actor believes to be necessary to avoid imminent physical harm to himself or another is justifiable if the desirability and urgency of avoiding such harm outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the statute defining the crime charged ...

**4.** 17–A M.R.S.A. § 101(1) provides in pertinent part as follows:

> The State is not required to negate any fact expressly designated as a "defense," ... unless the existence of the defense ... is in issue as a result of evidence admitted at the trial which is sufficient to raise a reasonable doubt on the issue, in which case the State must disprove its existence beyond a reasonable doubt.

vehicle violations,[5] in order to prevent operation by a potential driver who is intoxicated.

The entry is:

Judgment affirmed.

All concurring.

---

**5.** Pursuant to 29 M.R.S.A. § 2292 (Supp.1989), a person is designated an habitual offender only after accumulating three or more convictions or adjudications of certain serious motor vehicle offenses, demonstrating an indifference to the safety and welfare of others. *See* 29 M.R.S.A. § 2291 (Supp.1989).