STATE of Maine

v.

George BEGIN et al.

Supreme Judicial Court of Maine.

Argued Oct. 31, 1994.

Decided Jan. 12, 1995.

Michael Cantara, Dist. Atty., David Gregory (orally), Alfred, for the State.

Francis M. Jackson (orally), Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

ROBERTS, Justice.

George Begin and Peter LaMarche appeal from the judgments entered on jury verdicts in the Superior Court (Cumberland County, *Lipez, J.*). Begin was convicted of four

counts of gross sexual assault, 17–A M.R.S.A. § 253(2)(A) (Supp.1994); three counts of patronizing prostitution of a minor, *id.* § 855 (1983); four counts of sexual abuse of a minor, *id.* § 254(1)(A) (Supp.1994); two counts of conspiracy to commit gross sexual assault, *id.* § 151 (1983); and six counts of aggravated furnishing of scheduled drugs, *id.* § 1105(1)(A) (Supp.1994). LaMarche was convicted of two counts of aggravated furnishing of scheduled drugs, *id.* § 1105(1)(A), and one count of sexual abuse of a minor, *id.* § 254(1)(A).

The defendants were tried together. On appeal, they argue, *inter alia,* that the trial court committed error by excluding the testimony of a witness, by failing to instruct the jury on statutory defenses, and by convicting Begin on more than one conspiracy count. We vacate Begin's convictions for gross sexual assault and conspiracy to commit gross sexual assault. We affirm all of LaMarche's convictions.

The events at issue in this case took place between autumn 1991 and January 1992. The convictions arose from four visits by fifteen-year-old boys, A and B, to a mobile home occupied by Begin, LaMarche, and Scott Ward. During the first visit Begin, Ward, and the boys smoked marijuana. On a second occasion, Begin and LaMarche picked up the boys and provided them with marijuana both in the car and at the mobile home. After the boys used the drugs, Begin performed oral sex on each. On a third occasion, Ward collected the boys, telling them that he would take them fishing. After sharing a marijuana cigarette, the trio proceeded to the mobile home. Begin again performed oral sex on the boys after they had consumed additional quantities of marijuana. On a final occasion, after Ward procured the boys, both LaMarche and Begin performed oral sex on them.

## I. Exclusion of a Witness

Scott Ward pled guilty to aggravated promotion of prostitution, 17–A M.R.S.A. § 852 (1983), and conspiracy to commit gross sexual assault, *id.* § 151. At the trial of Begin and LaMarche, he testified for the State, essentially corroborating the testimony of the victims. Late in the presentation of the State's case, a woman approached defense counsel. She offered to testify about a conversation with Ward during which he told her that he had falsely implicated Begin and LaMarche because he was angry with them.

Because the witness was not on the defense witness list, the State objected to her proffered testimony. She is a well-known local figure, involved in a highly publicized case in which she accused members of the Sanford Police Department of extorting sexual favors in return for favorable probation treatment. The State argued that the jurors' potential knowledge of that case presented a real risk of a mistrial. Prior to ruling, the trial court asked defense counsel whether other witnesses would offer similar testimony. Defense counsel acknowledged that the woman's testimony was similar to that of other defense witnesses. Without questioning the jurors to determine whether any of them would be unable fairly to evaluate the witness's testimony, the court refused to allow her to testify.

Begin and LaMarche have a constitutional right to present exculpatory evidence. U.S. Const. amend. VI; Me. Const. art. I, § 6. In recognition of that principle, we have held that "any practice that effectively deters a material witness from testifying is invalid unless necessary to accomplish a legitimate interest." *State v. Fagone,* 462 A.2d 493, 496 (Me.1983). Although the defendant's right must sometimes give way to the "legitimate demands of the adversarial system," *Taylor v. Illinois,* 484 U.S. 400, 413, 108 S.Ct. 646, 655, 98 L.Ed.2d 798 (1988), other jurisdictions have allowed exclusion of a defense witness only as a sanction for willful violation of discovery rules in order to gain a tactical advantage. 2 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 19.4 (1984 & Supp.1991). No such violation has occurred in this case. In fact, the trial court specifically found that the late appearance of the witness was not due to any fault of the defense.

■ In the instant case, the court excluded the testimony because the court hypothesized that the jurors might recognize the very well-known witness after she had begun

to testify, representing a "very real risk of a mistrial." The court weighed the perceived risk of a mistrial against the essentially cumulative nature of the proffered testimony and determined that exclusion of the testimony was justified. Given the importance, however of the defendants' right to present exculpatory evidence, it was error for the court to reach that conclusion without conducting a voir dire of the jury to determine whether in fact any risk of a mistrial existed.

■ The question remains whether the trial court's error was harmless. The duty of a reviewing court is "to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations." *State v. Hassapelis,* 620 A.2d 288, 293 (Me.1993) (quoting *United States v. Hasting,* 461 U.S. 499, 509, 103 S.Ct. 1974, 1980, 76 L.Ed.2d 96 (1983)). We will not set aside an otherwise valid conviction if we "may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Id.* (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986)).

■ The harmless error inquiry focuses on the importance to the defense of the evidence excluded and the prejudicial effect of the exclusion. *United States v. Yefsky,* 994 F.2d 885, 897 (1st Cir.1993). The witness's testimony in this case was not central to the defense because it went only to the collateral issue of the credibility of Ward who was not the principal accuser. Moreover, the exclusion of her testimony did not greatly prejudice the defense because it was similar to that of two other witnesses. There is no reason to believe that the excluded witness would have been more credible than the others. On this record, we are convinced that the trial court's error was harmless beyond a reasonable doubt.

## II. Failure to Instruct on Statutory Defenses

### A. Gross Sexual Assault

Begin was charged with gross sexual assault pursuant to 17–A M.R.S.A. § 253(2)(A),[1] which requires that the defendant impair the victim's power to control his sexual acts "by administering or employing drugs [or] intoxicants." It is a complete defense to the crime that the victim of the assault "voluntarily consumed or allowed administration of the substance with knowledge of its nature." 17–A M.R.S.A. § 253(3) (Supp.1994).

Substantial evidence at trial suggested that A and B voluntarily consumed the marijuana provided by Begin and LaMarche.[2] B testified that he liked the drugs and repeatedly returned to the trailer in order to get more. He admitted to prior marijuana use, testifying that he enjoyed the effects of marijuana. Similarly, A acknowledged using marijuana before meeting Begin and LaMarche. He testified that he enjoyed the effects of marijuana and that he "thought it was cool and stuff." Testimony of other witnesses also suggested that the boys consumed the drugs voluntarily. Ward testified that the boys never refused an offer of marijuana. A defense witness, who was also a friend of A's mother and a former baby-sitter, testified that A began smoking marijuana when he was eleven years old. She also testified that she had seen him using marijuana on more than one occasion. Another witness corroborated that testimony.

Despite the substantial evidence of voluntary consumption, Begin and LaMarche did not rely explicitly on the voluntary consumption defense. Both denied outright all of the allegations of the victims. Begin and LaMarche did not request a jury instruction on the voluntary consumption defense.

---

**1.** 17–A M.R.S.A. § 253(2)(A) (Supp.1994) provides in pertinent part:

> A person is guilty of gross sexual assault if that person engages in a sexual act with another person and ... [t]he actor has substantially impaired the other person's power to appraise or control the other person's sexual acts by administering or employing drugs, intoxicants or other similar means.

**2.** The indictment also charged that Begin and LaMarche provided alcohol and a tranquilizer known as xanax to A. and B. The State's proof, however, focused almost exclusively on the administration of marijuana.

■ Pursuant to 17–A M.R.S.A. § 101(1) (1983),[3] the State must disprove beyond a reasonable doubt any statutory defense "in issue as a result of evidence admitted at the trial which is sufficient to raise a reasonable doubt on the issue." A defense is "in issue" within the meaning of section 101 if the evidence is "sufficient to make the existence of all the facts constituting the defense a reasonable hypothesis for the factfinder to entertain." *State v. Glidden,* 487 A.2d 642, 644 (Me.1985). Either the State or the defense may introduce the evidence that generates the State's obligation. *Id.* As discussed above, the evidence adduced in this case, both by the State and by the defense, is sufficient to generate the question whether the victims consumed marijuana voluntarily. As a result, Begin and LaMarche were entitled to an instruction on the voluntary consumption defense to gross sexual assault.

■ Because Begin and LaMarche failed to request an instruction on the voluntary consumption defense at trial, we review the trial court's failure to give the instruction only for obvious error. *State v. True,* 438 A.2d 460, 467 (Me.1981). Error is "obvious" when it results in such serious injustice that we "cannot in good conscience let the conviction stand." *Id.* at 469. It is well-settled that failure to give an instruction on a defense generated by the evidence is obvious error, at least when the defendant embraces the defense in question. *See State v. Davis,* 528 A.2d 1267, 1270 (Me.1987). The further question presented by the instant case is whether such a failure is obvious error, even when the defense at issue is inconsistent with the defendants' denials of the underlying conduct. In the circumstances of this case, we answer that question in the affirmative.

■ The State's obligation to disprove a defense generated by the evidence is the functional equivalent of the State's burden to prove all of the elements of the offense. *State v. Knowles,* 495 A.2d 335, 338 (Me. 1985). Just as reliance on a particular defense does not relieve the State of its burden to prove all the elements of an offense, "the denial of the criminal act by the defendant should not relieve the prosecution of its burden to negate any defense generated by the evidence." *Id.* In *State v. Earley,* 454 A.2d 341 (Me.1983), we reaffirmed the well-settled proposition that it is obvious error to fail to instruct on the elements of an offense. *Id.* at 343. It follows that it is also obvious error to fail to instruct the jury on the functional equivalent of an element of the offense in the form of a statutory defense generated by the evidence.

Such a result is consistent with our rationale in *State v. Grover,* 460 A.2d 581 (Me. 1983). In that case, we treated the State's burden to disprove the voluntary social companion defense to rape as the equivalent of the State's burden to prove each of the elements of the offense. *Id.* at 584. The *Grover* defendant *objected* to the trial court's decision to give an instruction on the defense even though the evidence generated the issue.[4] We noted that it was "not only proper, but necessary" for the court to give the instruction. *Id.* at 583–84. *See also State v. Giglio,* 441 A.2d 303, 311 (Me.1982). We stated that "the nature of the criminal process" requires that the State disprove the defense, even though the defendant made a tactical decision not to assert the defense. *State v. Grover,* 460 A.2d at 584.

## B. Sexual Abuse of a Minor

A person is guilty of sexual abuse of a minor if "having attained the age of 19 years,

3. 17–A M.R.S.A. § 101(1) (1983) provides:

The State is not required to negate any facts expressly designated as a "defense," or any exception, exclusion or authorization which is set out in the statute defining the crime by proof at trial, unless the existence of the defense, exception, exclusion or authorization is in issue as a result of evidence admitted at the trial which is sufficient to raise a reasonable doubt on the issue, in which case the State must disprove its existence beyond a reasonable doubt.

4. Grover insisted that he had engaged in consensual sex with his accuser and that the instruction on the voluntary social companion defense, which reduced the crime of rape from a Class A felony to a Class B felony, was inconsistent with that position. The jury convicted him of Class B rape and he challenged the trial court's decision to give the voluntary social companion defense over his objection. *State v. Grover,* 460 A.2d 581, 582–83 (Me.1983).

the person engages in a sexual act with another person ... who has attained the age of 14 years but has not attained the age of 16 years." 17–A M.R.S.A. § 254(1)(A). It is a defense to sexual abuse of a minor "that the actor reasonably believed the other person to have attained his 16th birthday." *Id.* § 254(2) (Supp.1994).

 Begin and LaMarche contend that it was obvious error for the trial court to fail to offer an instruction on the reasonable belief defense. There is, however, no evidence in the record of either Begin's or LaMarche's belief, reasonable or unreasonable, as to the age of either victim. In the absence of such evidence, the record in this case does not generate the issue of the defendants' reasonable belief as to the age of the victims. *Cf. State v. Roberge,* 643 A.2d 366, 367 (Me.1994) (ample evidence of defendants' belief).

### III. Conspiracy Convictions

 "A person who conspires to commit more than one crime is guilty of only one conspiracy if the crimes are the object of the same agreement or continuous conspiratorial relationship." 17–A M.R.S.A. § 151(3) (1983). Because the evidence in this case supports the existence of only one relationship between Begin and Ward, regardless of the number of victims, we must vacate at least one conspiracy conviction. The State does not contend otherwise.

 We also must vacate Begin's remaining conviction for conspiracy to commit gross sexual assault. To convict Begin of conspiracy to commit gross sexual assault, the jury must be convinced beyond a reasonable doubt that he intended to commit gross sexual assault and that he took a substantial step towards commission of that crime. 17–A M.R.S.A. §§ 151(1), 151(4) (1983). Because the trial court erroneously failed to instruct on a defense to gross sexual assault generated by the evidence, the jury was unable properly to make that determination.

The entries are:

As to George Begin:

In CR–93–269, judgment affirmed.

In CR–92–806, judgment vacated as to Counts 1, 6, 11, 16, 38, and 39. In all other respects the judgment is affirmed.

As to Peter LaMarche:

In CR–93–605, judgment affirmed.

In CR–92–806, judgment affirmed.

All concurring.