1997 ME 213

STATE of Maine

v.

Donald CHRISTEN.

Supreme Judicial Court of Maine.

Argued Oct. 8, 1997.

Decided Nov. 4, 1997.

---

Andrew Ketterer, Attorney General, James M. Cameron, Asst. Atty. Gen. (orally), Augusta, David W. Crook, District Attorney, William Baghdoyan, Asst. Dist. Atty., Skowhegan, for State.

Nancy Lord (orally), Las Vegas, NV, Patricia A. Danisinka–Wasburn, Skowhegan, for defendant.

Before WATHEN, C.J., and ROBERTS, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant Donald Christen appeals from the judgment entered in the Superior Court (Somerset County, *Marden, J.*) following a jury verdict finding him guilty of unlawfully furnishing marijuana in violation of 17–A M.R.S.A. § 1106 (1983 & Supp 1996).[1] On appeal, defendant contends that the court erred by failing to instruct the jury on the defense of competing harms.[2] Defendant also argues that the second sentence of the statutory formulation of the competing harms defense constitutes a content based restriction on speech that violates the First Amendment. Finding no error, we affirm the judgment.

[¶ 2] The relevant facts presented at trial may be summarized as follows: On April 19, 1993, defendant organized and participated in a public demonstration on the steps of the Somerset County courthouse. Members of the press, police officers and approximately 150 other people attended. During the demonstration, defendant made a speech advocating the legalization of marijuana and then invited anyone with a medical illness who needed marijuana to come forward and receive brownies laced with marijuana. Six or seven people came forward. Three of those people addressed the crowd and described their medical conditions. Defendant, stating that "he was going to take the people's word that they medically needed the marijuana" offered the brownies to them. Six participants ate the brownies. Defendant invited the police to take the remaining brownies as evidence. The brownies were seized and defendant was issued a summons for furnishing scheduled drugs.

[¶ 3] In support of the competing harms defense, defendant presented the testimony of two of the six participants who received

---

1. The statute provides in pertinent part:
   1. A person is guilty of unlawfully furnishing scheduled drugs if he intentionally or knowingly furnishes what he knows or believes to be a scheduled drug, and which is, in fact, a scheduled drug.
   17–A M.R.S.A. § 1106 (1983 & Supp.1996).

2. The defense is defined as follows:
   1. Conduct which the actor believes to be necessary to avoid imminent physical harm to himself or another is justifiable if the desirability and urgency of avoiding such harm outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the statute defining the crime charged. The desirability and urgency of such conduct may not rest upon considerations pertaining to the morality and advisability of such statute.
   17–A M.R.S.A. § 103 (1983).

marijuana from him.[3] Carol Hurley testified that she has glaucoma, that she believes she could go blind at any moment, and that she believes marijuana assists her in maintaining her sight. She also testified that she used marijuana for recreational purposes and that she had eaten marijuana earlier on the day of the demonstration to accommodate her medical needs. Although she believes that marijuana is helpful in reducing pain and possibly alleviating her symptoms of glaucoma, she stated that her purpose in eating the brownies at the demonstration was to "get a little high." Carl Cummings, who suffers from ankylosing spondylitis (an inflammation of the vertebrae), testified about his need for marijuana to avoid pain:

Q: What happens if you don't take your medicine?

A: I'm just engulfed with pain. I can't stand it. I believe that if I didn't have marijuana I would probably commit suicide. I don't believe that I would want to go on.

Q: Are you in danger of this happening again if you don't get your hemp?

A: Every minute—while I'm sitting right here I could have a muscle spasm. Anything could happen at any time.

At the close of the evidence, defendant requested a jury instruction on the competing harms defense. The court denied defendant's request, stating that:

[U]nder the circumstances the reasonable hypothesis that would have to be before the jury to decide is that on the basis of necessity under reasonable standards of desirability and urgency the defendant, after forecasting and publicizing and inviting the media and all other persons to attend, placed himself on the steps of the courthouse and furnished the marijuana to others, with a specific supply to law enforcement as evidence, and that he did do so to avoid imminent physical harm.

[¶ 4] "Whether a jury should be instructed on a particular defense in a criminal case almost always depends on whether the evidence presented at trial generates the de-

fense." *State v. Moore,* 577 A.2d 348, 350 (Me.1990). The court must view the evidence in the light most favorable to the defendant. *State v. Sullivan,* 1997 ME 71, ¶ 6, 695 A.2d 115, 117. "A defense is 'in issue' . . . if the evidence is sufficient to make the existence of all facts constituting the defense a reasonable hypothesis for the fact finder to entertain." *State v. Case,* 672 A.2d 586, 589 (Me.1996) (quoting *State v. Begin,* 652 A.2d 102, 106 (Me.1995)).

[¶ 5] The competing harms defense applies to "conduct which the actor believes to be necessary to avoid imminent physical harm to himself or another...." 17-A M.R.S.A. § 103(1) (1983). Such conduct is justified if the "desirability and urgency of avoiding such harms outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the statute defining the crime charged." *Id; see also State v. Moore,* 577 A.2d 348, 350 (1990). The evidence must demonstrate that the "defendant's conduct was necessary because of a specific and imminent threat of injury to the defendant or another leaving no reasonable alternative other than violating the law." *Id.*

[¶ 6] Initially, we note that in the present case the State brought a single count of furnishing scheduled drugs. Defendant could have been convicted on the basis of furnishing marijuana to any one or more of the six participants. Accordingly, defendant needed to demonstrate a necessity to furnish marijuana to each of the six participants in order to avoid conviction. Although defendant presented evidence concerning the two participants who testified at trial, he failed to present any evidence with respect to the other four participants. In such circumstances, any failure to instruct is harmless.

[¶ 7] Even if we were to focus on the evidence of the threat to the two witnesses who testified, the defense was not generated. Although the symptoms of their chronic illnesses may be eased by the ingestion of marijuana, neither witness testified to an im-

---

**3.** Ralph Holt spoke at the rally and testified at the trial about his glaucoma and his need for marijuana for medicinal purposes. He testified, however, that he did not eat any marijuana-laced brownies at the rally because "children are in school—I have to think of my reputation."

minent threat of injury present at the time of the demonstration that could reasonably serve as the basis for defendant violating the law.

[¶ 8] Finally, defendant argues that the competing harms defense, as defined in section 103(1), limits his right to free speech on the basis of content in violation of the First Amendment. Because the competing harms defense was not generated, we need not address the constitutional issue. *See State v. Bassford,* 440 A.2d 1059, 1061 (Me.1982) (a "fundamental rule of appellate procedure [is] that a court should avoid expressing opinion on constitutional law whenever a nonconstitutional resolution of the issues renders a constitutional ruling unnecessary") (citation omitted).

The entry is:

Judgment affirmed.

